IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUTH N. ANDREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09−cv−1025−WDS−SCW |
| | ) |
| CBOCS WEST, INC. (d/b/a CRACKER BARREL), and J.J. STEWART, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

### A. Introduction

On December 10, 2009, Plaintiff Ruth Andrews (Ms. Andrews) filed this action against her former employer, CBOCS West, Inc. (d/b/a Cracker Barrel) pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 (ADEA), alleging race and age-based discrimination, and retaliation for previously filing a lawsuit, and for taking other actions pursuant to both Title VII and the ADEA. The action came before the undersigned Magistrate Judge, via teleconference, on February 16, 2011, for a Hearing on Ms. Andrews' Motion to Strike Declarations (Doc. 34) of six witnesses upon whose testimony Cracker Barrel relied—to varying degrees—in its pending Motion for Summary Judgment (Doc. 32).

### B. Legal Analysis

Ms. Andrews brings her Motion to Strike pursuant to FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1). Rule 37(c)(1) states in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"Under Rule 37, the sanction of exclusion of a witness is 'automatic and mandatory unless the party to be sanctioned can show that its violation … was either [substantially] justified or harmless.'" *Elion v. Jackson*, 544 F.Supp.2d 1, 6 (D.D.C. 2008) (quoting *NutraSweet Co. v. X-L Engineering Co.*, 227 F.3d 776, 785-86 (7th Cir. 2000). The party facing sanctions has the burden of proving that its violation was either substantially justified or harmless. *Id.* Thus, unless the failure to disclose is substantially justified or harmless, "a party may not use evidence on a motion that was responsive to discovery requests or a required disclosure under [Fed. R. Civ. P.] 26(a), but was not disclosed." *Shepard v. Frontier Communications Servs, Inc.*, 92 F.Supp.2d 279, 285-86 (S.D.N.Y. 2000) (When considering a motion for summary judgment, the Court will not rely on a document that was responsive to discovery requests, but never produced, and only first disclosed as an exhibit supporting the motion.)

Ultimately, "'[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'" *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996). District courts are not required to make explicit findings regarding the existence of a substantial justification or the alleged harmlessness of a failure to disclose. *Id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Nevertheless, the Seventh Circuit Court of Appeals has noted a number of factors that should guide a court's discretion when considering the impact of a Rule 26(a) violation, including: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (citations omitted). These factors, and the analysis outlined above, guided the Court's inquiries and findings during the teleconference that it held with the parties.

### C. Application to Ms. Andrews' Motion to Strike Declarations

During the teleconference, the Court noted that it must consider (1) whether each of the six Cracker Barrel witnesses at issue were adequately disclosed; (2) if not, was there any prejudice to Ms. Andrews; and (3) if there was, then what is the appropriate remedy. Prior to the teleconference, the Court reviewed the parties' briefs. Then, based on extensive oral arguments and the legal analysis outline above, the Court ruled as follows.

#### 1. The Adequacy of Cracker Barrel's Disclosures

In its Response Brief, Cracker Barrel's first argument is that "Plaintiff's Motion to Strike should be denied because each and every one of Cracker Barrel's witnesses was disclosed in discovery" (Doc. 36). This broad-brush argument however quickly breaks down when the actual level of "disclosure" of each of the six witnesses is considered individually. Contrary to Cracker Barrel's assertion, the Court found that none of Cracker Barrel's alleged disclosures—in regards to the six witness Declarations that Ms. Andrews moved to strike—complied with the requirements of either Rule 26(a)(1)(A)(i) or 26(e). Specifically, in its Rule 26(a)(1) Disclosures, Cracker Barrel identified only Ms. Andrews, Beverly Cooper, J.J. Stewart and "All persons identified by Plaintiff." Yet, incredibly, Cracker Barrel attempted to argue that this last blanket statement, "All persons identified by Plaintiff," somehow made its disclosures regarding the six witnesses that Ms. Andrews moves to strike—most of whom it never formally disclosed—sufficient and adequate to comply with Rule 26(a). In reality, however, even if Ms. Andrews had knowledge of some or all of these six witnesses, and even if she identified some of them in her deposition or other disclosures, this is wholly inadequate for purposes of Cracker Barrel's compliance with Rule 26(a)(1). Cracker Barrel attempted to use these witnesses for declarations that went far beyond its generic, blanket "disclosure" of "All persons identified by Plaintiff." As a result, for purposes of Rule 26(a)(1), none of these six witnesses were adequately disclosed.

Further, even if the Court were to generously assume that "All persons identified by Plaintiff" was an adequate *initial* disclosure, Cracker Barrel still had an obligation, pursuant to Rule 26(e), to supplement this generic statement. Cracker Barrel's blanket "disclosure" clearly was "in some material respect … incomplete." FED. R. CIV. P. 26(e). Yet, in spite of this obvious deficiency, no "additional or corrective information" was made known to Ms. Andrews during the discovery process. Specifically, Cracker Barrel never disclosed "the subjects of [the] information" to which these six witnesses would be testifying. FED. R. CIV. P. 26(a)(1)(A)(i). So, even if Ms. Andrews knew who some or all of these witnesses were, she would not have known—without supplemental information from Cracker Barrel—the subjects of their Declarations. Thus, Ms. Andrews' alleged knowledge of these witnesses, by itself, was not enough for Cracker Barrel to assert that it had sufficiently complied with Rule 26(e). Cracker Barrel had a clear obligation, pursuant to Rule 26(e), to supplement its incomplete initial disclosures, but it failed to do so.

From the start, Cracker Barrel's blanket disclosure was inadequate for purposes of Rule 26(a)(1). Then, Cracker Barrel's initial failure was compounded when it never even attempted to comply with its obligation to supplement or correct these incomplete disclosures pursuant to Rule 26(e). Alleging that Ms. Andrews' awareness of the existence of these witnesses was sufficient misses the mark, and it neglects almost entirely one of the primary purposes for Rule 26 disclosures—"to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002); *see also Federal Deposit Ins. Corp. v. Cherry, Bekaert & Holland*, 131 F.R.D. 202, 204 (M.D. Fla. 1990) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978) ("The aim of liberal discovery rules is to make trial 'less a game of blindman's bluff and more a fair contest.'")). So, for the purpose of Rule 26, the six witnesses at issue were never adequately disclosed and thus, pursuant to Rule 37(c)(1), they should be stricken unless either of Rule 37's two exceptions applies.

### 2. Was There any Prejudice to Ms. Andrews?

Under this portion of its review, pursuant to Rule 37(c), the Court must consider whether Cracker Barrel has met its burden by showing that its failure to disclose was either "substantially justified" or "harmless" to Ms. Andrews. *See* Elion, 544 F.Supp.2d 1 at 6.[1] As noted above, the resolution of these particular questions requires the Court to consider a number of factors, the majority of which, here, militate in Ms. Andrews favor. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003), *supra* p. 2.

The level of prejudice or surprise that Ms. Andrews suffered as a result of Cracker Barrels failure to adequately disclose the six witnesses at issue varied with each individual witness. As such, during the teleconference, the Court grouped the six witnesses into four categories—from what the Court considered to be the least egregious to the most egregious violations of Rules 26(a)(1) and 26(e). The six witnesses are: Kenneth Aggers ("Aggers"), Mary Crites ("Crites"), Evelyn Lee ("Lee"), Cindy Shields ("Shields"), Opal Smith ("Smith"), and Bryan Weaver ("Weaver"). The Court will now consider each of the four categories of witnesses in turn.

#### a. The most egregious violations—Evelyn Lee and Opal Smith

The Court first took up what it considered to be the most egregious violations of Rule 26(a) and (e)—Cracker Barrel's failure to properly disclose witnesses Evelyn Lee and Opal Smith.

---

[1] It is not entirely clear from Cracker Barrel's Response to Plaintiff's Motion to Strike (Doc. 36), under which of these two "prongs" it was framing the brunt of its arguments. Cracker Barrel spends the majority of its Response arguing that "each and every one of [its] witnesses was disclosed in discovery" (Doc. 36). While the Court agrees that—to vastly varying degrees—each of the six witnesses names were at least listed or mentioned (albeit two of whom were named only once within a list of hundreds of employees) during discovery, as outlined above, none of these disclosures *adequately* complied with Rule 26(a)(1) or 26(e). Cracker Barrel's only remaining argument, in a footnote, is that "there was no harm to Plaintiff" (Doc. 36, p. 4, n. 4). As such, the Court hereby finds that Cracker Barrel effectively waived any argument that it was substantially justified in its failure to disclose the six witnesses at issue because this argument was not adequately developed. Thus, the focus of the Court's inquiry at the teleconference was whether the failure to disclose was harmless; or, in other words, the level to which this failure prejudiced Ms. Andrews.

Because these two witnesses were only "disclosed" by Cracker Barrel within a document containing a list of hundreds of Cracker Barrel employees, the Court found that this failure was highly prejudicial to Ms. Andrews. In response, Cracker Barrel argued that Ms. Andrews worked with these two witnesses for a number of years and as such, she had access to them and the information they conveyed in their Declarations. The Court, however, pointed out the obvious problem with this argument: namely, there was nothing to put Ms. Andrews on notice of the subject of the information to which Lee and Smith would be testifying. Because Lee and Smith's Declarations went far beyond any purported "disclosure," Cracker Barrel failed to comply with its duties under Rules 26(a) and (e). Thus, Ms. Andrews' Motion to Strike was **GRANTED in part** as it applied to the Declarations of Evelyn Lee and Opal Smith. The Declarations of Lee and Smith SHALL be STRICKEN from the record. As such, these Declarations, or any reference thereto, will not be relied upon when District Judge Stiehl considers the pending Motion for Summary Judgment.

### b. The least egregious violation—Cindy Shields

With regards to the alleged lack of disclosure of Cindy Shields, the Court noted that this was the least egregious violation of Rule 26(a) and (e) because Shields was formally disclosed by Cracker Barrel as its corporate representative, pursuant to Rule 30(b)(6). Ms. Andrews' only argument therefore was that the scope of Shields' Declaration went far beyond the testimony that she gave during her Rule 30(b)(6) deposition. However, Cracker Barrel noted that Shields was disclosed as the person verifying its responses to a number of Ms. Andrews' interrogatories, and that, in spite of its objections, the scope of Shields' deposition went far beyond a typical Rule 30(b)(6) deposition. In light of the foregoing, the Court found that any prejudice to Ms. Andrews from the scope of Shields' Declaration exceeding the scope of her deposition testimony was *de minimus*. Thus, the Court **DENIED in part** Ms. Andrews' Motion to Strike (Doc. 34) as it applied to the Declaration of Cindy Shields, and her Declaration SHALL remain.

The Court next moved on to consider the Declarations of three witnesses that it believed fell within a "middle ground": Aggers, Crites and Weaver. These three witnesses were, in some ways, more meaningfully disclosed, but once again, not sufficiently to comply with Rules 26(a) or (e).

### c. Kenneth Aggers

Regarding the Declaration of Kenneth Aggers, the Court noted that Cracker Barrel's failure to formally disclose him as a witness was less egregious than either Crites or Weaver because Aggers authored an investigatory report that Ms. Andrews received during the course of discovery. As such, the Court found that any prejudice to Ms. Andrews was mitigated by her knowledge of this report and the information that Aggers provided therein. In response, Ms. Andrews claimed that Aggers did not make himself available to speak with her throughout the course of his investigation and that, in her Rule 30(b)(6) deposition, Shields contradicted some of Aggers statements regarding his level of knowledge about Ms. Andrews discrimination claims. In turn, Cracker Barrel responded that Ms. Andrews actually deposed another witness, Beverly Cooper, early in the discovery process, who spoke in detail about what Aggers may have known regarding Ms. Andrews' claims. In light of the foregoing, the Court found that—while the level of prejudice to Ms. Andrews for Cracker Barrel's failure to adequately disclose Aggers as a witness pursuant to Rules 26(a) and (e) was mitigated somewhat—Aggers Declaration still went beyond the level of his disclosure, and beyond the information contained in his investigatory report. Therefore, Ms. Andrews was given the opportunity to depose Kenneth Aggers.

### d. Mary Crites and Bryan Weaver

Finally, regarding the Declarations of Crites and Weaver the parties, once again, disputed the level of "disclosure" of these two witnesses. Cracker Barrel stated that Crites was disclosed, by Ms. Andrews, as a potential witness and that Ms. Andrews, during her deposition spoke in detail about Weaver. As such, Cracker Barrel argued that Ms. Andrews was fully aware of these two witnesses

and much of the information to which they might testify. Ms. Andrews agreed that she had disclosed both Crites and Weaver, and that she had spoken to them when they worked together. However, Ms. Andrews claimed that she had no idea that Crites was going to be used by Cracker Barrel as an example of a similarly situated employee; or that it would use both Crites and Weaver to dispute many of her allegations. As such, Ms. Andrews argued that specific portions of both Crites' and Weaver's Declarations went beyond any informal level of disclosure of either of these witnesses. The Court agreed that Ms. Andrews' knowledge of these two employees alone was not sufficient to find that Cracker Barrel had complied with Rule 26(a) and (e). Thus, similar to Kenneth Aggers, Ms. Andrews was given the opportunity to depose both Mary Crites and Bryan Weaver.

### 3. Appropriate Remedies

In light of the foregoing, the Court found that Ms. Andrews was clearly prejudiced—to varying degrees—by Cracker Barrel's failure to adequately disclose each of the six witnesses at issue. The Court further found that, because discovery was already closed and dispositive motions were pending, Ms. Andrews lacked the ability to cure the prejudice without an opportunity to depose at least some of the witnesses, and to file a supplemental brief. Finally, these deficiencies would have disrupted both District Judge Stiehl's resolution of the pending dispositive motions and—assuming claims remained—a trial as well. Thus, as the Court noted above, most of the factors outlined by the Seventh Circuit Court of Appeals in *David v. Caterpillar, Inc.*, militate in Ms. Andrews' favor. 324 F.3d 851, 857 (7th Cir. 2003).

Therefore, the Court ORDERED the following, specifically tailored, remedies: (1) Plaintiff Ruth Andrews' Motion to Strike Declarations of Aggers, Crites, Lee, Shields, Smith and Weaver was **GRANTED in part** as applied to Evelyn Lee and Opal Smith whose Declarations SHALL be **STRICKEN** from the record (Docs. 32-4 and 32-6); (2) The Motion to Strike was **DENIED in part** as applied to Cindy Shields whose Declaration SHALL stand; and (3) as it applies to Kenneth

Aggers, Mary Crites and Bryan Weaver, the Motion to Strike was **DENIED**, *with the following conditions*:  Ms. Andrews is given until **Friday, April 15, 2011,** to Depose Aggers, Crites and Weaver.  Then, Ms. Andrews has until **Friday, April 22, 2011**, to file a Supplemental Response Brief to Cracker Barrel's pending Motion for Summary Judgment (Doc. 27).  This Supplemental Response Brief SHALL NOT exceed ten (10) pages in length, and SHALL comply with all of the formatting requirements in the SOUTHERN DISTRICT OF ILLINOIS LOCAL RULES.  Defendant CBOCS West, Inc. (d/b/a Cracker Barrel), is DIRECTED to make Aggers, Crites and Weaver available for depositions at its earliest possible convenience.  Cracker Barrel may file a Supplemental Reply Brief, that complies with the length and formatting requirements herein noted, **on or before Friday, April 29, 2011.**  Finally, Ms. Andrews SHALL bear the costs associated with the deposition of Kenneth Aggers; and, pursuant to FED. R. CIV. P. 37(c)(1)(A), Cracker Barrel SHALL bear the costs associated with the depositions of Mary Crites and Bryan Weaver.

Because of the above-noted deadline extensions, for the purpose of limited additional discovery, the presumptive trial month must be continued.  After coordinating with District Judge Stiehl, the Final Pretrial Conference is **RESET** for **Wednesday, June 1, 2011, at 11:00 a.m.**, and the Presumptive Trial Month is now **July 2011**.

**D. Conclusion**

In sum, by failing to adequately disclose both the six witnesses identified in Ms. Andrews' Motion to Strike and the subject matter of their testimony, Cracker Barrel failed to comply with both the letter and the intent of FEDERAL RULES OF CIVIL PROCEDURE 26(a) and (e).  This failure to disclose was prejudicial to Ms. Andrews, in varying degrees, as to each individual witness.  The prejudice stems from the fact that Cracker Barrel has attempted to use these six witnesses— specifically, their Declarations in support of its Motion for Summary Judgment—for purposes that go far beyond any generic knowledge that might be imputed to Ms. Andrews.  As a result, the

Court—after thoroughly reviewing the parties' briefs, and hearing oral arguments during the February 16 teleconference—has exercised its discretion by specifically tailoring its remedies for each individual witness as outlined above. The parties SHALL fully comply with all of the Court's instructions herein.

**IT IS SO ORDERED**.

DATED February 23, 2011.

/s/ **Stephen C. Williams**<br>STEPHEN C. WILLIAMS<br>United States Magistrate Judge